IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

TED K. KURIHARA,                )   CIV. NO. 25-00138 HG-KJM
                                )
            Plaintiff,          )
                                )
      vs.                       )
                                )
JEANETTE H. CASTAGNETTI, Hawaii )
State Court Judge, in her       )
individual and official         )
capacities; NATASHA R. SHAW,    )
individually and in her         )
official capacity as a former   )
attorney; GALE L.F. CHING,      )
individually and in his         )
official capacity as an         )
attorney,                       )
                                )
            Defendants.         )
_____)

**ORDER GRANTING DEFENDANT JUDGE JEANNETTE H. CASTAGNETTI'S MOTION
TO DISMISS PLAINTIFF TED K. KURIHARA'S AMENDED COMPLAINT (ECF No.
26)**

**and**

**GRANTING DEFENDANTS ATTORNEYS GALE L.F. CHING AND NATASHA R.
SHAW'S MOTION TO DISMISS AMENDED COMPLAINT (ECF No. 27)**

**and**

**DENYING PLAINTIFF TED K. KURIHARA'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT (ECF No. 25)**

**and**

**DENYING DOUGLAS KURIHARA'S MOTION FOR JOINDER PURSUANT TO FED. R.
CIV. P. 20 (ECF No. 11)**

On February 18, 2016, Ted K. Kurihara as Trustee, filed a

Petition in the underlying Hawaii State Court case: <u>In the Matter</u>

1

of the Trust of <u>TSUGIO KURIHARA REVOCABLE LIVING TRUST AGREEMENT</u> <u>DATED AUGUST 21, 1997</u>, <u>1-TR-161000036</u>, in the Circuit Court of the First Circuit, State of Hawaii.  Ted K. Kurihara, as Trustee, sought an interpretation of the Trust created by his father Tsugio Kurihara who had died.

The beneficiaries of the Trust were Trustee Ted K. Kurihara and his brother Douglas Kurihara.

Douglas Kurihara, as a named beneficiary, had hired attorneys Natasha Shaw and Gale Ching.

On April 30, 2020, Attorneys Shaw and Ching filed a Petition for Accounting on Douglas Kurihara's behalf, asserting that his brother as Trustee, Ted K. Kurihara, was withholding trust assets.  Attorneys Shaw and Ching also sought attorneys fees.

In March 2021, an order was issued by the Hawaii State Court on the Petition for Accounting filed by Attorneys Shaw and Ching. The Hawaii State Court Order awarded attorneys' fees to Attorneys Shaw and Ching.

Douglas Kurihara terminated his representation by Attorneys Shaw and Ching and, proceeding pro se, objected to the award of fees.  Ted K. Kurihara also objected.

Douglas Kurihara and Ted K. Kurihara's objections were heard by Hawaii Circuit Court Judge Jeanette Castagnetti.

On October 12, 2024, Judge Castagnetti issued an Order rejecting Ted K. Kurihara and Douglas Kurihara's arguments and ruled that the award of fees to Attorney Shaw and Attorney Ching

was proper.

On March 25, 2025, Plaintiff Ted K. Kurihara filed a Complaint in Federal Court seeking to challenge the findings by the presiding Hawaii Circuit Court Judge Jeanette H. Castagnetti. (ECF No. 1).  Plaintiff Ted K. Kurihara also sued the two attorneys, Defendant Attorney Natasha R. Shaw and Defendant Attorney Gale L.F. Ching, who had previously represented his brother Douglas Kurihara in the Trust matter.

Plaintiff Ted K. Kurihara's Complaint here attempts to assert claims against Defendant Judge Castagnetti and Douglas Kurihara's former attorneys, Defendant Attorney Shaw and Defendant Attorney Ching.  Plaintiff Ted K. Kurihara's Complaint asserts claims alleging constitutional violations pursuant to the Fourteenth Amendment to the United States Constitution and conspiracy to violate civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff Ted K. Kurihara subsequently filed an Amended Complaint (ECF No. 10) and seeks to file a Second Amended Complaint (ECF No. 25).

Plaintiff's brother, Douglas Kurihara, who was represented by Defendant Attorneys Shaw and Ching in the Trust matter but was not named in the case here, seeks to join in the proceedings as a co-Plaintiff with his brother Ted K. Kurihara.  (ECF No. 11).

Defendant Judge Castagnetti filed a Motion to Dismiss the case before this Court pursuant to the Rooker-Feldman doctrine, Eleventh Amendment immunity, and judicial immunity.  (ECF No.

26).

Defendant Judge Castagnetti is entitled to judicial immunity
and Plaintiff Ted K. Kurihara's claims against her are also
barred by the Eleventh Amendment to the United States
Constitution and the Rooker-Feldman doctrine.

Plaintiff Ted K. Kurihara's mechanism for challenging Judge
Castagnetti's Hawaii state court rulings is to proceed through
the state court appellate process, not to file a separate federal
lawsuit.

Defendant Judge Castagnetti's Motion to Dismiss (ECF No. 26)
is **GRANTED.**

Defendant Attorney Shaw and Defendant Attorney Ching also
filed a Motion to Dismiss.  (ECF No. 27).  The two Attorney
Defendants assert that Plaintiff Ted K. Kurihara has not stated a
claim against them because they are not State actors and cannot
be sued for either Fourteenth Amendment constitutional violations
or pursuant to Section 1983.  (Id.)

Both Defendant Attorneys were acting as private counsel for
Douglas Kurihara and were not acting under color of state law.
They are not State actors and cannot be sued pursuant to the
Fourteenth Amendment to the United States Constitution or
pursuant to 42 U.S.C. § 1983.

Defendants Attorney Natasha R. Shaw and Attorney Gale L.F.
Ching's Motion to Dismiss (ECF No. 27) is **GRANTED.**

Plaintiff Ted K. Kurihara's Motion for Leave to File a

4

Second Amended Complaint (ECF No. 25) is **DENIED.**

Douglas Kurihara's Motion for Joinder pursuant to Fed. R. Civ. P. 20 (ECF No. 11) is **DENIED.**

## PROCEDURAL HISTORY

On March 25, 2025, Plaintiff Ted K. Kurihara filed a Complaint. (ECF No. 1).

On April 2, 2025, Plaintiff Ted K. Kurihara filed an Amended Complaint. (ECF No. 10).

On the same date, Douglas Kurihara filed a Motion for Joinder pursuant to Fed. R. Civ. P. 20. (ECF No. 11).

On April 30, 2025, Plaintiff Ted K. Kurihara filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 25).

On May 2, 2025, Defendant Judge Jeanette H. Castagnetti filed a Motion to Dismiss. (ECF No. 26).

On the same date, Defendants Attorney Natasha R. Shaw and Attorney Gale L.F. Ching filed a Motion to Dismiss. (ECF No. 27).

Also on May 2, 2025, the Court issued a briefing schedule. (ECF No. 28).

On May 7, 2025, Douglas Kurihara filed a Motion for Joinder of Plaintiff's Motion to File Second Amended Complaint. (ECF No. 29).

Also on May 7, 2025, Defendants Attorney Natasha R. Shaw and Attorney Gale L.F. Ching filed an Opposition to Douglas

Kurihara's Motion for Joinder pursuant to Fed. R. Civ. P. 20. (ECF No. 30).

On May 8, 2025, Defendant Judge Jeanette Castagnetti filed an Opposition to Plaintiff Ted K. Kurihara's Motion to File Second Amended Complaint.  (ECF No. 33).

On May 9, 2025, Defendant Judge Jeanette Castagnetti filed a Joinder to Defendants Attorney Natasha R. Shaw and Attorney Gale L.F. Ching's Opposition to Douglas Kurihara's Motion for Joinder. (ECF No. 35).

On May 16, 2025, Plaintiff Ted K. Kurihara filed a Motion to Disqualify the Attorney General's Office as Counsel for Defendant Judge Castagnetti.  (ECF No. 37).

On May 19, 2025, Plaintiff Ted K. Kurihara filed a Motion to Stay Briefing on Defendants Attorney Shaw and Attorney Ching's Motion to Dismiss.  (ECF No. 38).

Also on May 19, 2025, Plaintiff Ted K. Kurihara filed a Motion to Stay Briefing on Defendant Judge Castagnetti's Motion to Dismiss.  (ECF No. 39).

On the same date, Plaintiff Ted K. Kurihara filed two separate letters requesting hearings on all of his pending Motions.  (ECF Nos. 40 and 41).

Also on May 19, 2025, Proposed Intervenor, Douglas Kurihara, proceeding pro se, filed a Joinder to Plaintiff's Motion to Disqualify Counsel.  (ECF No. 42).

On May 20, 2025, Plaintiff Ted K. Kurihara filed a Reply to

Defendants Attorney Shaw and Attorney Ching's Opposition to Douglas Kurihara's Motion to Intervene.  (ECF No. 43).

Also on May 20, 2025, Plaintiff Ted K. Kurihara filed a Reply to Defendant Judge Castagnetti's Substantive Joinder to Defendants Attorney Shaw and Attorney Ching's Opposition to the Motion to Intervene.  (ECF No. 44).

On May 20, 2025, Plaintiff Ted K. Kurihara filed a Reply to Defendant Judge Castagnetti's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint.  (ECF No. 45).

On May 22, 2025, Plaintiff Ted K. Kurihara filed a document entitled "Notice of Non-Receipt of Service."  (ECF No. 46).

On May 23, 2025, Plaintiff Ted K. Kurihara filed a Supplemental Response without leave of court.  (ECF No. 47).

On May 27, 2025, Plaintiff Ted K. Kurihara filed a Motion for Alternative Service and Request for Hearing.  (ECF No. 48).

On May 28, 2025, Defendant Judge Castagnetti filed a Reply. (ECF No. 49).

Also on May 28, 2025, the Court issued an Order denying Plaintiff Ted K. Kurihara's Motion to Disqualify Counsel, denying Plaintiff Ted K. Kurihara's Motions to Stay Briefing Schedules, and denying Plaintiff Ted K. Kurihara's requests for hearings. (ECF No. 50).

On June 5, 2025, Plaintiff Ted K. Kurihara filed a Motion for Leave to File Late Opposition to Defendant Judge Castagnetti's Motion to Dismiss.  (ECF No. 51).

On June 12, 2025, the Court issued an Order granting Plaintiff Ted K. Kurihara's Motion for Leave to File Late Opposition and deemed Plaintiff K. Kurihara's Opposition (ECF No. 51-1) as filed.  (ECF No. 52).

On June 23, 2025, Defendant Judge Castagnetti filed her Reply to the Motion to Dismiss.  (ECF No. 53).

Plaintiff Ted K. Kurihara did not file an Opposition to Defendants Attorney Shaw and Attorney Ching's Motion to Dismiss, which was due on June 23, 2025.

On July 7, 2025, Defendants Shaw and Ching filed a Reply, pointing out that Plaintiff Ted K. Kurihara failed to file a timely Opposition to their Motion to Dismiss.  (ECF No. 54).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

Defendant Judge Castagnetti moves to dismiss Plaintiff's Amended Complaint on two bases:

(1)   lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and

(2)   failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants Attorney Shaw and Attorney Ching move to dismiss Plaintiff's Amended Complaint on two bases:

(1)   lack of personal jurisdiction based on insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); and

8

(2) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**SUBJECT-MATTER JURISDICTION**

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Id. A facial challenge therefore mirrors a traditional motion to dismiss analysis. The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

**FAILURE TO STATE A CLAIM**

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the Court must

presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

As an initial matter, because Plaintiff Ted K. Kurihara is proceeding pro se, the Court construes his Amended Complaint and

his pleadings liberally.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## I.   Defendant Judge Jeanette Castagnetti's Motion to Dismiss (ECF No. 26)

### A.   Rooker-Feldman Doctrine

Pursuant to the Rooker-Feldman doctrine, federal courts are without subject-matter jurisdiction to review state court decisions, and state court litigants may only obtain federal review by filing a petition for a writ of certiorari with the United States Supreme Court.  Mothershed v. Justs. of the Sup. Ct., 410 F.3d 602, 606 (9th Cir. 2005) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983)).

Federal District Courts are barred from exercising jurisdiction over direct appeals of state court decisions and any de facto equivalent of such an appeal.  Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012).  Courts pay close attention to the relief sought by the federal court plaintiff in determining whether an action is a de facto appeal.  Id. at 777-78.  A de facto appeal is found when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court.  Id. at 778.

Federal District Courts lack jurisdiction to review challenges to state court decisions, even if the federal lawsuit

11

alleges that the state court's action was unconstitutional, as those challenges may only be reviewed by the United States Supreme Court.  Mothershed, 410 F.3d at 607.  As-applied constitutional claims are also barred because they constitute de facto appeals of state court decisions.  Scheer v. Kelly, 817 F.3d 1183, 1186 (9th Cir. 2016).

Here, Plaintiff Ted K. Kurihara requests that the United States District Court for the District of Hawaii rule that Defendant Judge Castagnetti in her role as a Judge in the Hawaii State Probate Court violated Plaintiff's due process rights in adjudicating several matters including a Petition for Accounting in the underlying proceeding for which Plaintiff was named as a respondent.  (See Amended Complaint at ¶¶ 10-18, ECF No. 10).

This Court lacks jurisdiction to review the Hawaii State Court's decisions.  Mothershed, 410 F.3d at 607.  The Court is also precluded from reviewing Plaintiff Ted K. Kurihara's constitutional challenges to the manner in which the Hawaii State Court conducted its proceedings.  Scheer, 817 F.3d at 1186.

**B.    Eleventh Amendment to the United States Constitution**

Even if Plaintiff Ted K. Kurihara's claims against Judge Castagnetti were not barred by the Rooker-Feldman doctrine, the claims against Judge Castagnetti in her official capacity would be subject to dismissal pursuant to the Eleventh Amendment to the United States Constitution.  The Eleventh Amendment shields

12

unconsenting States from suits in federal court.  <u>K.W. v.</u>
<u>Armstrong</u>, 789 F.3d 962, 974 (9th Cir. 2015).

The Eleventh Amendment bars Plaintiff Ted K. Kurihara's
Complaint against Judge Castagnetti in her role as a Hawaii State
Court Judge.  The exception to the Eleventh Amendment for
prospective injunctive relief provided in <u>Ex Parte Young</u>, 209
U.S. 123 (1908) does not apply in this case because Plaintiff Ted
K. Kurihara is seeking retrospective relief against Judge
Castagnetti relating to her past adjudication of the underlying
Hawaii State Court proceeding.

Judge Castagnetti in her official capacity as a Hawaii State
Court Judge has not consented to suit.  The nature of the suit is
not among those that Congress has permitted in light of the
Eleventh Amendment.  Plaintiff Ted K. Kurihara's claims against
Judge Castagnetti in her official capacity are barred by the
Eleventh Amendment because such suits are claims against the
State itself.  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58,
71 (1989); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S.
89, 106 (1984).

## C.  Judicial Immunity

In addition, Defendant Judge Castagnetti is immune from suit
pursuant to judicial immunity because the claims against her in
the Amended Complaint entirely concern actions she allegedly took
in presiding over the Trust proceeding.  <u>In re Castillo</u>, 297 F.3d

940, 947 (9th Cir. 2002). Judicial immunity is a common law doctrine developed to protect judicial independence, and the doctrine bars suits against judges when the suit is predicated on actions taken in the judge's judicial capacity. Moore v. Urquhart, 899 F.3d 1094, 1103 (9th Cir. 2018).

Judges are absolutely immune from liability for damages based on acts performed in their official capacities. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Judges are also immune when sued in their individual capacities when the challenged conduct entirely concerns actions the judge took in presiding over a court proceeding. In re Castillo, 297 F.3d at 947.

Here, Plaintiff Ted K. Kurihara's claims against Defendant Judge Castagnetti are entirely based on judicial acts in her role as a Hawaii Circuit Court Judge so she is immune from suit. Lund v. Cowan, 5 F.4th 964, 970 (9th Cir. 2021). Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman, 793 F.2d at 1075. The Ninth Circuit Court of Appeals broadly construes the scope of judicial immunity and it applies even if there are allegations of a conspiracy. Id. at 1078; see also Mireles v. Waco, 502 U.S. 9, 11 (1991) (explaining that judicial immunity is not overcome by allegations of bad faith or malice).

Plaintiff Ted K. Kurihara's claims against Judge Castagnetti

are barred pursuant to the doctrine of judicial immunity.  <u>Lund</u>, 5 F.4th at 970; <u>see</u> <u>Craig v. Villicana</u>, 676 Fed. Appx. 716, 716 (9th Cir. 2017).

Defendant Judge Castagnetti's Motion to Dismiss (ECF No. 26) is **GRANTED.**

The State court appellate process is the proper avenue for a litigant to seek relief when the litigant disagrees with a judge's ruling.  The filing of a federal lawsuit to attempt to appeal or challenge a state court ruling is improper.

### D.  **Amendment Would Be Futile**

Since the March 25, 2025 commencement of this case, Plaintiff Ted K. Kurihara has repeatedly failed to comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  As set forth in the Court's May 28, 2025 Order, Plaintiff Ted K. Kurihara filed documents without leave of court, missed filing deadlines imposed by the Court, and improperly attempted to disqualify the Hawaii State Attorney General's Office from its duty to represent Judge Castagnetti in this lawsuit.  (May 28, 2025 Order, ECF No. 50).

Plaintiff was able to amend his Complaint once on April 2, 2025 and seeks to amend again.  The proposed Second Amended Complaint (ECF No. 25-1) fails to cure any of the deficiencies in his pleadings.  The Court declines to give Plaintiff further leave to amend his claims against Judge Castagnetti as it is

15

clear that any attempt to amend would be futile as his claims would suffer from the same defects pursuant to the Rooker-Feldman doctrine, Eleventh Amendment immunity, and judicial immunity as set forth in this Order.  McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004); see Kinney v. Cantil-Sakauye, 723 Fed. Appx. 562, 562 (9th Cir. 2018); Gonsalves v. Judge Morikone, Civ. No. 25-00058 DKW-WRP, 2025 WL 524396, at *2 (D. Haw. Feb. 18, 2025).

Judge Castagnetti is entitled to judicial immunity and the proper remedy for Plaintiff Kurihara is to appeal through the state court process.

Plaintiff Ted Kurihara's Motion for Leave to File a Second Amended Complaint (ECF No. 25) as to the claims against Defendant Judge Castagnetti is **DENIED** as amendment would be futile.

### E.  Douglas Kurihara's Request To Join As A Co-Plaintiff Would Be Futile

As explained above, Defendant Judge Castagnetti is entitled to judicial immunity.  Plaintiff Ted K. Kurihara's claims against her are also barred by the Eleventh Amendment to the United States Constitution and the Rooker-Feldman doctrine.

Plaintiff's brother, Douglas Kurihara, filed a Motion for Joinder pursuant to Fed.R. Civ. P. 20 (ECF No. 11) seeking to be added as a co-Plaintiff in this case.

Douglas Kurihara's Motion for Joinder (ECF No. 11) is **DENIED** as there is no basis to add him as a co-Plaintiff in this case as

16

his claims would suffer from the same defects as Plaintiff Ted K. Kurihara's claims.  The claims are barred pursuant to the <u>Rooker-Feldman</u> doctrine, Eleventh Amendment immunity, and judicial immunity.

## II.  <u>Defendants Attorney Natasha R. Shaw and Attorney Gale L.F. Ching's Motion to Dismiss (ECF No. 27)</u>

Defendants Attorney Natasha R. Shaw and Attorney Gale L.F. Ching move to dismiss Plaintiff Ted K. Kurihara's Amended Complaint both for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for improper service of process pursuant to Fed. R. Civ. P. 12(b)(5).

Just as with the evaluation of Judge Castagnetti's Motion to Dismiss, because Plaintiff Ted K. Kurihara is proceeding pro se, the Court construes his Amended Complaint and his pleadings liberally.  <u>Hebbe</u>, 627 F.3d at 342; <u>Erickson</u>, 551 U.S. at 94.

Plaintiff Ted K. Kurihara seeks to sue Defendants Attorney Shaw and Attorney Ching based on the underlying Hawaii State Court Probate matter <u>In the Matter of the Trust of TSUGIO KURIHARA REVOCABLE LIVING TRUST AGREEMENT DATED AUGUST 21, 1997</u>, <u>1-TR-161000036</u>, in the Circuit Court of the First Circuit, State of Hawaii.

In the underlying matter, Plaintiff Ted K. Kurihara was the Trustee for his father's Trust and both he and his brother Douglas Kurihara were named beneficiaries.

Douglas Kurihara retained Defendant Attorney Shaw and

17

Defendant Attorney Ching who filed a Petition for Accounting on Douglas Kurihara's behalf.  The Petition asserted that Plaintiff Ted K. Kurihara was withholding trust assets and it sought attorneys fees.

In March 2021, an order was issued by Hawaii Circuit Court Judge Browning on the Petition for Accounting filed by Attorneys Shaw and Ching.  Judge Browning awarded attorneys fees to Defendant Attorneys Shaw and Ching.

In the proceedings in Hawaii Circuit Court, Ted K. Kurihara and Douglas Kurihara made challenges to the rulings.  The challenges included arguing that Attorneys Shaw and Ching "misappropriated" trust funds.  On October 12, 2024, Judge Castagnetti ruled that the funds were not "misappropriated" trust funds.  She found that the funds were part of a beneficiary distribution that were properly awarded as attorneys' fees to Attorney Shaw and Attorney Ching pursuant to the Attorney-Client Engagement and Fee Agreement.  (See October 12, 2024 Order in In the Matter of the Trust of TSUGIO KURIHARA REVOCABLE LIVING TRUST AGREEMENT DATED AUGUST 21, 1997, 1-TR-161000036, Dkt. Entry 624).

Here, Plaintiff Ted K. Kurihara alleges in his Amended Complaint that Defendant Attorney Shaw and Defendant Attorney Ching engaged in a conspiracy with the Hawaii State Court and repeats his argument that the Defendants Attorneys "misappropriated" trust funds.  (Amended Complaint at ¶¶ 9, 24, ECF No. 10).

Here, Plaintiff Ted K. Kurihara seeks to challenge Judge Castagnetti's findings and asserts two types of causes of action against Defendant Attorney Shaw and Defendant Attorney Ching:

First, Plaintiff claims that Defendants Attorney Shaw and Attorney Ching violated his rights pursuant to the Fourteenth Amendment to the United States Constitution based on due process and equal protection.

Second, Plaintiff claims that Defendants Attorney Shaw and Attorney Ching engaged in a conspiracy to violate his civil rights pursuant to 42 U.S.C. § 1983.

**A.    Plaintiff Ted K. Kurihara Cannot Sue Defendants Attorney Shaw and Attorney Ching Pursuant To The Fourteenth Amendment To The United States Constitution Because Defendants Attorney Shaw And Attorney Ching Are Not State Actors**

The Fourteenth Amendment to the United States Constitution prohibits States from denying individuals their federal constitutional rights including due process and equal protection. U.S. Const. amend. XIV; see Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982).

The Fourteenth Amendment applies to the acts of the State, not to the acts of private persons or entities.  Rendell-Baker, 457 U.S. at 837.  It is well-settled that the Fourteenth Amendment offers no protection against private conduct, no matter how discriminatory or wrongful.  Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974).

19

Here, the Amended Complaint alleges that Defendants Attorney
Shaw and Attorney Ching were private attorneys who represented
Plaintiff's brother Douglas Kurihara in the underlying Hawaii
Circuit Court Trust matter.  (Amended Complaint at ¶¶ 8-9, ECF
No. 10).  Plaintiff Ted K. Kurihara claims the Defendant
Attorneys engaged in misconduct in their role as private
attorneys and allegedly misappropriated funds.  (Id. at ¶¶ 8-9,
11, 18).

Plaintiff Ted K. Kurihara is unable to assert Fourteenth
Amendment claims against Defendants Attorney Shaw and Attorney
Ching in their roles as private attorneys for Plaintiff's brother
Douglas Kurihara.  Defendants Attorney Shaw and Attorney Ching
were not acting as officials of the State of Hawaii.  The
Fourteenth Amendment does not allow suits against private
individuals for private conduct.  Rendell-Baker, 457 U.S. at 837;
Jackson, 419 U.S. at 349.

**B.  Plaintiff Ted K. Kurihara Cannot Sue Defendants
Attorney Shaw and Attorney Ching Pursuant To 42 U.S.C.
§ 1983 Because Defendants Attorney Shaw And Attorney
Ching Are Not State Actors**

Title 42 of United States Code, Section 1983 provides for a
cause of action by a person who has been deprived of
constitutional rights by another person who is acting under color
of State law.  42 U.S.C. § 1983.

In order to state a claim pursuant to Section 1983, the
defendant must be a State actor or engage in action under color

20

of State law.  West v. Atkins, 487 U.S. 42, 49 (1988).  Section 1983 does not reach private conduct no matter how wrongful.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).

A private party may be liable under limited circumstances when he is a willful participant in a joint action with State agents and there is significant State involvement in the action.  Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).

Plaintiff Ted K. Kurihara alleges that Defendants Attorney Shaw and Attorney Ching acted as private attorneys for his brother.  The Amended Complaint alleges that "Defendants conspired to obstruct justice, conceal financial misconduct, and deny Plaintiff access to crucial evidence, including canceled trust checks."  (Amended Complaint at ¶ 24, ECF No. 10).

There are insufficient allegations to plausibly state a Section 1983 claim against Defendants Attorney Shaw and Attorney Ching.  The Complaint does not assert that either Defendant Attorney Shaw or Defendant Attorney Ching was a State actor.  Plaintiff's bare bones, conclusory allegations that the Defendant Attorneys engaged in a conspiracy do not plausibly allege a Section 1983 claim against the Defendants who were acting in their private capacities as attorneys before the Hawaii Circuit Court.  Garcia v. Hawaii, Civ. No. 22-00432 JMS-WRP, 2023 WL 4106297, *7 (D. Haw. June 21, 2023).

To the extent Plaintiff Ted K. Kurihara disagrees with the Hawaii Circuit Court's award of attorneys' fees to Attorney Shaw

and Attorney Ching, the proper avenue for relief is to pursue an appeal through the Hawaii State Court system, not by filing a federal lawsuit against them.

Defendants Attorneys Natasha R. Shaw and Gale L.F. Ching's Motion to Dismiss (ECF No. 27) is **GRANTED**.[1]

### C.    Amendment Would Be Futile

As explained above, since the March 25, 2025 commencement of this case, Plaintiff Ted K. Kurihara has repeatedly failed to comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  As set forth in the Court's May 28, 2025 Order, Plaintiff Ted K. Kurihara filed documents without leave of court, missed filing deadlines imposed by the Court, and improperly attempted to disqualify the Hawaii State Attorney General's Office from its duty to represent Judge Castagnetti in this lawsuit.  (May 28, 2025 Order, ECF No. 50).

Plaintiff again failed to comply with the Court's briefing schedule and he has failed to timely file an Opposition to Defendant Shaw and Defendant Ching's Motion to Dismiss.  The deadline was June 23, 2025.

As pointed out in the Defendant Attorneys' July 7, 2025

---

[1] Because the Court agrees with the Defendants' arguments that Plaintiff Ted K. Kurihara has failed to state a claim against them pursuant to Fed. R. Civ. P. 12(b)(6), the Court finds it unnecessary to reach Defendant Attorney Shaw and Attorney Ching's arguments based on lack of proper service in the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5).

Reply, Plaintiff Ted K. Kurihara's failure to timely oppose their Motion to Dismiss violates the Local Rules and provides a separate basis for dismissal.  See District of Hawaii Local Rule 11.1; (Reply at p. 3, ECF No. 54).

Plaintiff already had the opportunity to amend his Complaint once on April 2, 2025 and seeks to amend again.  The proposed Second Amended Complaint (ECF No. 25-1) fails to cure any of the deficiencies in his pleadings.

The Court declines to give Plaintiff further leave to amend his claims against Defendant Attorneys Shaw and Ching as it is clear that any attempt to amend would be futile.  McQuillion, 369 F.3d at 1099; see Kind v. Kind, Civ. No. 25-00108 SASP-WRP, 2025 WL 1300399, *4 (D. Haw. Apr. 29, 2025).  Neither Attorney Shaw nor Attorney Ching is a State actor for purposes of the Fourteenth Amendment and Section 1983.  Plaintiff Ted K. Kurihara is seeking to challenge the award of attorneys' fees by Judge Castagnetti in the underlying matter and his avenue for relief is to seek an appeal before the Hawaii State Court.

Plaintiff Ted Kurihara's Motion for Leave to File a Second Amended Complaint (ECF No. 25) as to the claims against Defendant Shaw and Defendant Ching is **DENIED** as amendment would be futile.

### D.   Douglas Kurihara's Request To Join As A Co-Plaintiff Would Be Futile

As explained above, Plaintiff Ted K. Kurihara has failed to state a claim against Defendant Attorneys Shaw and Ching and any

Case 1:25-cv-00138-HG-KJM    Document 55    Filed 07/08/25    Page 24 of 25  PageID.697

attempt to amend his Fourteenth Amendment and Section 1983 claims against them would be futile as they are not State actors.

Plaintiff's brother, Douglas Kurihara, filed a Motion for Joinder pursuant to Fed.R. Civ. P. 20 (ECF No. 11) seeking to be added as a co-Plaintiff in this case.

Douglas Kurihara's Motion for Joinder (ECF No. 11) is **DENIED** as there is no basis to add him as a co-Plaintiff in this case as his claims would suffer from the same defects as Plaintiff Ted K. Kurihara's claims.

## CONCLUSION

Defendant Judge Castagnetti's Motion to Dismiss (ECF No. 26) is **GRANTED.**

Defendants Attorney Natasha R. Shaw and Attorney Gale L.F. Ching's Motion to Dismiss (ECF No. 27) is **GRANTED.**

Plaintiff Ted Kurihara's Motion for Leave to File a Second Amended Complaint (ECF No. 25) is **DENIED.**

Douglas Kurihara's Motion for Joinder pursuant to Fed. R. Civ. P. 20 (ECF No. 11) is **DENIED.**

//

//

//

//

//

//

24

The Amended Complaint (ECF No. 10) is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is **ORDERED** to enter Judgment in favor of Defendants and **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: July 8, 2025, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Ted K. Kurihara v. Jeanette H. Castagnetti; Natasha R. Shaw; Gale L.F. Ching, Civ. No. 25-00138 HG-KJM; **ORDER GRANTING DEFENDANT JUDGE JEANNETTE H. CASTAGNETTI'S MOTION TO DISMISS PLAINTIFF TED K. KURIHARA'S AMENDED COMPLAINT (ECF No. 26) and GRANTING DEFENDANTS ATTORNEYS GALE L.F. CHING AND NATASHA R. SHAW'S MOTION TO DISMISS AMENDED COMPLAINT (ECF No. 27) and DENYING PLAINTIFF TED K. KURIHARA'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 25) and DENYING DOUGLAS KURIHARA'S MOTION FOR JOINDER PURSUANT TO FED. R. CIV. P. 20 (ECF No. 11)**